<pre>
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF PENNSYLVANIA
</pre>

| LAUREL CASTAÑOS | : | |
| --- | --- | --- |
| | : | CIVIL ACTION NO. 3:17-1927 |
| **Plaintiff** | : | |
| | : | (JUDGE MANNION) |
| v. | : | |
| | : | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT | : | |
| | : | |
| **Defendant** | : | |

# MEMORANDUM

On October 23, 2017, the plaintiff, Laurel Castaños, filed the instant *pro se* civil complaint. (Doc. 1). Along with her complaint, the plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2). Since the plaintiff is proceeding *in forma pauperis*, the court will accordingly give the plaintiff's complaint preliminary consideration under 28 U.S.C. §1915(e)(2)(B).[1] Based on its preliminary consideration of the plaintiff's complaint, the court will **DISMISS** the complaint for failure to state a claim on which relief may be granted.

---

[1] 28 U.S.C. §1915(e)(2)(B) directs the court to "dismiss the case . . . if the court determines that . . . the action or appeal (i) is frivolous or malicious (ii), fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."

In her complaint, the plaintiff alleges that on October 20, 2017 federal Immigration and Customs Enforcement ("ICE") agents arrested her domestic partner, Jose Rodriguez, without a warrant in violation of the Fourth Amendment. (Doc. 1). According to the complaint, the ICE agents informed the plaintiff that they were transporting Mr. Rodriguez to the Pike County Correctional Facility due to his 2008 guilty pleas and convictions for unspecified crimes. (*Id.*). The plaintiff further maintains that she suffers from an unspecified "auto-immune disease" that tends to flare up during stressful situations, such as her domestic partner's arrest. (*Id.*). As relief, the plaintiff requests that Mr. Rodriguez be released from his detention with ICE. (*Id.*).

"[T]he irreducible constitutional minimum of standing contains three elements." *E.g. Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is concrete, particularized, and imminent, as opposed to merely conjectural or hypothetical. *Id.* at 560. Second, there must be a "causal connection" that is "fairly traceable" from the alleged injury to the legal violation complained of. *Id.* Finally, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 561.

"[T]he 'injury in fact' test . . . requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35

(1972). "Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party." *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (citing *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)). Here, the *pro se* plaintiff does precisely this. Rather than asserting that her own rights were violated by the government's actions and requesting relief on behalf of her own personal injuries, the plaintiff instead asserts that a third party's rights were violated and requests relief on behalf of this outside person. (Doc. 1). "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133 (1978) (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Moreover, the plaintiff's alleged auto-immune disease presumably existed long before Mr. Rodriguez's arrest. As such, any attempt by the plaintiff to assert that she was injured due to flare ups of her auto-immune disease is still insufficient to confer standing, as it is not fairly traceable to the alleged legal violation. *See Lujan*, 504 U.S. at 560.

Finally, the plaintiff cannot file the instant complaint on Mr. Rodriguez's behalf as his legal representative. "The rule that a non-lawyer may not represent another person in court is a venerable common law rule." *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998). Federal courts have consistently rejected attempts at third-party lay representation of this

nature. *See, e.g.*, *Leyfert v. Commonwealth of Pa. House of Representatives*, 2005 WL 3433995, at *2 (E.D. Pa. Dec. 13, 2005). Accordingly, only Mr. Rodriguez (or an attorney acting on his behalf) could bring a lawsuit with proper standing to challenge his detention on constitutional grounds. The plaintiff here has no such ability. The appropriate avenue for relief would be a petition for a writ of habeas corpus, not a civil complaint.

For the foregoing reasons, the plaintiff's complaint will be **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim on which relief may be granted. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 30, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1927-01.docx